**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5520-18T1

REBECCA JUSTICE, f/k/a
MARINO,

     Plaintiff-Appellant,

v.

PHILLIP MARINO,

     Defendant-Respondent.

_____

Submitted February 12, 2020 – Decided March 23, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0712-13.

Brock D. Russell, attorney for appellant.

Thatcher Passarella, PC, attorneys for respondent (David A. Thatcher, on the brief).

PER CURIAM

Plaintiff Rebecca Justice appeals from an August 16, 2019 order denying her motion, filed pursuant to Rule 4:50-1(b) and (f), to set aside a March 15, 2019 Family Part order changing custody. We affirm.

The record reveals plaintiff and defendant were married and had one child, a son born in 2009, before they divorced in October 2013. The Amended Final Judgment of Divorce (JOD) granted both parties joint legal custody of their son, with plaintiff as the parent of primary residence and defendant as the parent of alternate residence. The parenting schedule, as stipulated in the JOD, gave defendant parenting time of one weeknight overnight and every other weekend, as well as vacation time and a holiday schedule. Nonetheless, disputes between the parties regarding parenting and custody issues continued.

The record demonstrates that over four years, plaintiff deprived defendant of parenting time in a variety of ways, and that at least two judges warned plaintiff if she continued to interfere with defendant's parenting time, the court would change the custody arrangement.

In January 2019, defendant filed a motion to enforce litigant's rights directing that plaintiff return to New Jersey with the parties' son from Delaware, where plaintiff had moved without defendant's consent. Defendant also sought a change in custody.

On March 15, 2019, after hearing argument from both parties, the court made findings under N.J.S.A. 9:2-4(c) and, based on the prior record, granted defendant's application. The court ordered that defendant was the parent of primary residence and plaintiff the parent of alternate residence, and suspended plaintiff's parenting time for six weeks pending mediation. Through mediation, the parties entered into an agreement on April 25, 2019, which scheduled plaintiff's parenting time for every other weekend, without prejudice to her right to appeal the March 15 order. Plaintiff did not file a timely appeal of the March 15 order, nor did she move for reconsideration.

The record demonstrates that the parties' son faced a difficult period of adjustment in April 2019 and required intervention services after an incident at school. On May 15, 2019, the parties attended a meeting in the school district. Both parents signed documents which recommended that, based on the child's academic needs and the absence of a self-contained program within the district, an out of district program was being pursued for the 2019-2020 school year.

Months later, on June 25, 2019, plaintiff moved for relief from the March 15, 2019 order under Rule 4:50-1(b) and (f), asserting newly discovered evidence and requesting a plenary hearing, or alternatively, a stay of the March 15, 2019 order pending appeal. Plaintiff argued the newly discovered evidence

was comprised of the following: a report generated from the intervention services, information that the school district did not have programming to meet their son's needs; defendant stopped taking the child to his doctor appointments and took him off his prescribed medications.

On August 16, 2019, the Family Part judge issued an order accompanied by a written opinion, denying plaintiff's Rule 4:50-1 motion and her request for a plenary hearing, as well as granting defendant's cross-motion for enforcement of litigant's rights and awarding him counsel fees. In his decision, the judge wrote:

> First, the [c]ourt's prior [o]rder was entered March 15[], 2019. Pursuant to Rule 4:49-2, [p]laintiff had twenty days to file a motion for reconsideration. R. 4:49-2. Plaintiff failed to file a motion for reconsideration challenging the [c]ourt's decision. Pursuant to Rule 2:4-1(a), [p]laintiff had forty[-]five days during which to file an appeal. R. 2:4-1(a). Plaintiff did not file an appeal during that time period. Since the [c]ourt's [o]rder was entered on March 15[], 2019, [p]laintiff worked with [d]efendant and the child's school district to develop a[] . . . program for the parties' child. Now, five months later, [p]laintiff is requesting that the [c]ourt revisit the prior proceeding under the guise of a newly discovered evidence claim which is premised on evidence that came into existence months after the previous order had been entered. Based upon the procedural history of this case, it is clear that [p]laintiff has used the guise of a newly discovered evidence claim to regenerate long lost time periods for motions and appeals which [p]laintiff made a conscious decision

not to pursue. For these reasons, equity demands that [p]laintiff's request be denied.

The judge further stated:

> In this case, [p]laintiff argues that two reports were created after the hearing which constitute newly discovered evidence because the reports essentially create an issue of fact with regards to the child's best interest such that a plenary hearing is warranted. No such issue of fact is created by these reports. Per the certifications of the parties, it is clear that while the [c]ourt's decision contemplated the assistance of a suitable . . . program, that was not the sole reason for the [c]ourt's decision. Rather, it appears from a review of the record that the [c]ourt's decision was primarily based upon [p]laintiff's actions in removing the child from New Jersey, and from secluding the child away from [d]efendant. Consequently it is clear that even if these reports had been available at the time of the [c]ourt's decision, they would not have necessitated a plenary hearing. Additionally, as [d]efendant observes, just because one school district's program is insufficient does not mean that other arrangements cannot be made. To the contrary, it is clear that the parties are making those alternative arrangements which are set to begin this fall. The [p]laintiff, in fact, participated in, and agreed with, a plan for an "out of [school] district placement for next year."

This appeal followed.

On appeal, plaintiff argues the judge's findings were erroneous because he did not address her allegations that, after the transfer of custody, defendant stopped taking the child to his doctor appointments and stopped filling the

child's prescriptions. Plaintiff also asserts the judge erred when he did not address defendant's lack of knowledge and refusal to accept the child's diagnoses. Plaintiff further contends the motion judge erred in concluding the judge who entered the March 2019 order made adequate findings under N.J.S.A. 9:2-4.

A decision to vacate under Rule 4:50-1 lies within the sound discretion of the trial judge, guided by principles of equity. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). We will reverse the trial court's decision on a motion to vacate where there is an abuse of discretion. Ibid.; see also Mancini v. E.D.S., 132 N.J. 330, 334 (1993). An "abuse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis," United States v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). Applying these standards, we discern no abuse of discretion in the denial of plaintiff's motion to vacate the March 15, 2019 order.

To obtain relief pursuant to Rule 4:50-1(b) based on newly discovered

evidence, the movant "must demonstrate 'that the evidence would probably have changed the result, that [the evidence] was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 264 (2009) (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)).

Here, the motion judge rejected plaintiff's arguments that newly discovered evidence created issues of fact that would have changed the result of the March 15 order because the custody transfer was based on plaintiff's active interference with defendant's custodial rights and untimely filing of an appeal or motion for reconsideration. Moreover, plaintiff participated in parenting time mediation after the March 15 order and participated in and signed the plan she now sought to attack. We discern no abuse of discretion in the court's determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5520-18T1